UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
)
PROFESSIONAL TRADE SUPPLY ) Case No. 08-25078-ABC
OF COLORADO, INC., dba PTS, )
EIN #84-0634679 )
) Chapter 11
)
Debtor. )
)

**OBJECTION OF DEBTOR TO MOTION OF AMERICAN
SAFETY RAZOR COMPANY, LLC FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

The Debtor, by and through its attorneys, Kutner Miller Brinen, P.C., for its Objection to Motion of Safety Razor Company, LLC ("Razor") for Allowance and Payment of Administrative Expense (the "Application") respectfully states:

1. On January 22, 2009, the Court entered its Order setting a bar date for parties-in-interest to file administrative expense claims pursuant to Bankruptcy Code § 503(b)(9) (the "Bar Date Order;" Docket No. 119).

2. The Order established March 2, 2009 as the last date for parties to file an application for allowance of the Section 503(b)(9) claim along with a L.B.R. 202 Notice of the application.

3. On February 13, 2009, Razor filed its Application but failed to file the L.B.R. 202 Notice and appropriately serve the Application (Docket No. 139).

4. On February 20, 2009, the Court entered its Order Regarding Compliance With Rules with respect Razor's failure to provide notice of the Application requiring Razor to cure the deficiency by March 2, 2009 (Docket No. 141).

5. Razor failed to cure the deficiency.

6. On March 17, 2009, the Court entered its Amended Order to Razor to Obtain Counsel, requiring counsel for Razor to enter its appearance and sign the Application by March 23, 2009 (Docket No. 175).

7. Counsel for Razor entered its appearance on March 23, 2009, but failed to sign the Application (Docket No, 182).

8. Counsel for Razor signed the Application and filed it on March 24, 2009. Counsel for Razor failed to provide notice of the Application as required by the Bar Date Order (Docket No. 183).

9. Razor has failed to comply with and meet the deadlines prescribed by the Bar Date Order, the February 20, 2009 Deficiency Order, and March 17, 2009 Deficiency Order.

10. Razor has had more than ample time to come into compliance with the Court's orders. Moreover, as of February 23, 2009, Razor was represented by competent counsel who had the ability to review the Court's docket and the orders issued in this case and could have easily and timely complied with the Orders of this Court.

11. Not only has Razor failed to timely act, but it has not sought relief from this Court for authority to take untimely action.

12. Given the Application has never been served out on notice, the Debtor is reserving the right to assert any additional objections to the Application should this Court overrule this Objection.

WHEREFORE the Debtor respectfully requests that the Court deny the Application and grant the Debtor such other and further relief as the Court deems just.

Dated: March 26, 2009

Respectfully submitted,

By: _____
Lee M. Kutner (#10966)
Aaron A. Garber (#36099)
KUTNER MILLER BRINEN, P.C.
303 E. 17th Avenue, Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
Email: aag@kutnerlaw.com

Counsel for the Debtor