UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                        )
                                              )
PROFESSIONAL TRADE SUPPLY                     )   Case No. 08-25078-ABC
OF COLORADO, INC., dba PTS,                   )
EIN #84-0634679                               )   Chapter 11
                                              )
        Debtor.                               )

### RESPONSE IN SUPPORT OF OBJECTION OF DEBTOR TO MOTION OF AMERICAN SAFETY RAZOR COMPANY, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

The Debtor, by and through its attorneys, Kutner Miller Brinen, P.C., for its Response in Support of Objection to Motion of Safety Razor Company, LLC ("Razor") for Allowance and Payment of Administrative Expense (the "Application") respectfully states:

1.    It is Reply, counsel for applicant argues Razor should not be prejudiced because of counsel's busy schedule.

2.    As an initial observation, with Court granted extension, Razor has had an extra three weeks beyond the administrative claim bar date to properly file and serve the Application. To date, over a month beyond the bar date, Razor still has not properly filed and served the Application.

3.    Case law makes its clear that counsel's busy schedule does not provide a basis for failing to comply with a bar date.

4.    The Second Circuit Court of Appeals in *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re: Enron Corp.)*, 419 F.3d 115 (2d Cir. 2005) discussed in detail the excusable neglect standard set forth in *Pioneer Invs. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 503 U.S. 380 (1993):

> After delineating the spectrum of "possible explanations for a party's failure to comply with a court-ordered filing deadline" -- from "act[s] of God" on one end to a party's deliberate choice "to flout a deadline" on the other, *id.* at 387-88 -- the *Pioneer* Court made clear that excusable neglect was, in its view, "not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," *id.* at 391. Instead, it found that "Congress plainly contemplated that the courts *would be permitted*, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness," *id.* at 388 (emphasis added), even though "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

constitute 'excusable' neglect," *id.* at 392. "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,'" the Court "concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 395 (citation omitted).

*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re: Enron Corp.)*, 419 F.3d at 122.

5.    The Second Circuit then discussed the key factor in the *Pioneer* case the Supreme Court relied upon in finding excusable neglect, and it had nothing to do with the inadvertence of the attorney, which was given little weight, but rather focused on the defects in the bar date notice:

> Applying that test to the facts before it, the *Pioneer* Court allowed a claim filed twenty days after the bar date imposed by the bankruptcy court where the notice of that date consisted of a single, "inconspicuous" sentence in a document entitled "Notice for Meeting of Creditors." *Id.* at 386, 398 (citations and internal quotation marks omitted). Emphasizing the "'dramatic ambiguity' in the notification," *id.* at 398 (citation omitted), the Court remarked that it "considered significant that the notice of the bar date . . . was outside the ordinary course in bankruptcy cases," in which "ordinarily the bar date . . . should be prominently announced and accompanied by an explanation of its significance," *id.* At the same time, the Court gave "little weight," *id.*, to the explanation provided by the late-claimants' attorney who contended that he was "unaware" of the bar date until after it had passed because it "came at a time when he was experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm," and "did not have access to his copy of the case file," *id.* at 384. And the Court noted that "were there any evidence of prejudice to [the debtor] or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be 'excusable.'" *Id.* at 398.

*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re: Enron Corp.)*, 419 F.3d at 122 (emphasis added).

6.    As is likely to be found in this case, three of the four *Pioneer* factors – the length of the delay, the danger of prejudice, and movant's good faith – typically weight in favor of the moving party asserting excusable neglect. *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re: Enron Corp.)*, 419 F.3d at 122 (*citing Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

7.    However, the Second Circuit "and other circuits have focused on the third [*Pioneer*] factor: "the reason for delay, including whether it was within the reasonable control of the movant." *Id.* (*citing Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

8.    The various Circuits have consistently ruled that the third factor – reason for the delay - is the most important factor and the equities will rarely favor the party asserting excusable neglect. *United States v. Torres*, 372 F.3d 1159, 1162-63 (10th Cir. 2004) (concluding that the district court abused its discretion in finding excusable neglect notwithstanding the fact that three *Pioneer* factors "weighed in favor" of such a finding, because "<u>fault in the delay remains a very important factor --</u> <u>perhaps the most important single factor -- in determining whether neglect is excusable</u>" (citation and internal quotation marks omitted) (emphasis added)); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d at 366-67 ("And we cautioned 'that <u>the equities will rarely if ever favor a party who fails to follow</u> <u>the clear dictates of a court rule</u>,' and 'that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect <u>will, in the ordinary course, lose under the *Pioneer* test.</u>'" (citations and internal quotation marks omitted, alteration in original) (emphasis added)); *Graphic Communications Int'l Union*, 270 F.3d at 5-6 (reaffirming that "the four *Pioneer* factors do not carry equal weight; <u>the excuse given for the late filing must have the greatest import,"</u> and noting as a result that <u>"when a party's or counsel's misunderstanding of clear law or misreading of an</u> <u>unambiguous judicial decree is the reason for the delay . . . we have continued to uphold findings of</u> <u>'no excusable neglect' where the court cited the absence of unique or extraordinary circumstances"</u> <u>(citation and internal quotation marks omitted, alteration in original)</u>(emphasis added)); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir.) ("At the end of the day, the focus must be upon the nature of the neglect. Therefore we must examine carefully the reasons [given] for missing the deadline."), *cert. denied*, 531 U.S. 929, 148 L. Ed. 2d 248 (2000); *In re Au Coton, Inc.*, 171 B.R. 16, 18 (S.D.N.Y. 1994) (concluding that "it was within the bankruptcy court's discretion to disallow" a claim filed eighteen days late where all the *Pioneer* factors favored the creditor except the reason for the delay). *But see Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (applying flexible reading of *Pioneer* and affirming trial court's decision to allow late-filed notice of appeal based on excusable neglect consisting of paralegal's misreading of the rule governing the deadlines for appeal), *cert. denied*, 161 L. Ed. 2d 602, 125 S. Ct. 1726 (2005); *In re 50-Off Stores, Inc.*, 220 B.R. 897, 901 (Bankr. W.D. Tex. 1998) (noting that in conducting the *Pioneer* analysis, "no single circumstance controls, nor is a court to simply proceed down a checklist ticking off traits. Instead,

courts are to look for a synergy of several factors that conspire to push the analysis one way or the other."); *In re Sacred Heart Hosp. of Norristown*, 186 B.R. 891, 895 (Bankr. E.D. Pa. 1995) ("[A] long and logically unjustified delay which nevertheless has no significant impact on the debtor's case should . . . often be deemed excusable.").

9.   Accordingly, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. *Cf. id.* at 398 ("we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date"); *see also In re Eagle- Picher Indus., Inc.*, 158 B.R. 713, 715-16 (Bankr. S.D. Ohio 1993) (rejecting a claim filed two weeks late where the only explanation was an "overworked and underfunded" staff).

10.  This is consistent with the established standard that   "[b]ar dates must be enforced except in unusual circumstances." *In re Eagle-Pitcher Indus., Inc.*, 158 B.R. 713, 715 (Bankr. S.D. Ohio 1993).

11.  This holds true regardless of the harsh results that may arise:

> We operate in an environment . . . in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. Judges, of course, make mistakes. We, like the district court, have considerable sympathy for those who, through mistakes -- counsel's inadvertence or their own -- lose substantial rights in that way. And there is, indeed, an institutionalized but limited flexibility at the margin with respect to rights lost because they have been slept on. But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced -- where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d at 367-68. *See also Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re: Enron Corp.)*, 419 F.3d at 123 n. 1 "Judge Learned Hand said of Statutes of Limitations: 'They are often engines of injustice; their justification lies in furnishing easy and certain method of solving problems which are often intrinsically insoluble, or soluble only with so much uncertainty and after so much trouble that in the long run is not worth the candle. Perhaps they are not justified at all . . . But where they do exist one must be prepared for hard cases, and it is no answer that this is one.'" (*quoting Helvering v. Schine Chain Theaters, Inc.* 121 F.2d 948 950 (2d Cir. 1941).

12. Razor had adequate notice of the administrative claim bar date and the orders that subsequently followed. Razor has had more than ample time to comply with the mandates of the orders of this Court. Counsel's busy schedule does not provide a basis for excusable neglect.

13. If counsel did not have time to take on the representation, it did not have to take the representation.

14. All other parties in interest are bound by the statue of limitations established by the administrative claims bar date and Razor provides no satisfactory reason why it should likewise not be bound.

WHEREFORE the Debtor respectfully requests that the Court deny the Application and grant the Debtor such other and further relief as the Court deems just.

Dated: April 13, 2009                           Respectfully submitted,

                                                By:_____
                                                    Lee M. Kutner (#10966)
                                                    Aaron A. Garber (#36099)
                                                    KUTNER MILLER BRINEN, P.C.
                                                    303 E. 17th Avenue, Suite 500
                                                    Denver, CO  80203
                                                    Telephone:  (303) 832-2400
                                                    Telecopy: (303) 832-1510
                                                    Email: aag@kutnerlaw.com

                                                    Counsel for the Debtor

# CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of April, 2009, a true and correct copy of the foregoing **RESPONSE IN SUPPORT OF OBJECTION OF DEBTOR TO MOTION OF AMERICAN SAFETY RAZOR COMPANY, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** was deposited in the United States mail, postage prepaid, addressed to the following:

Paul Moss, Esq.
United States Trustee
999 18th Street
Suite 1551
Denver, CO 80202

Bart B. Burnett, Esq.
Pearson, Horowitz & Burnett, P.C.
1775 Sherman Street
31st Floor
Denver, CO 80203

IBM Corporation
ATTN: Vicky Namken
13800 Diplomat Drive
Dallas, TX 75234

Peter Rincione
Professional Trade Supply of Colorado
13802 East 33rd Place
Aurora, CO 80011

Christian C. Onsager, Esq.
Michael J. Guyerson, Esq.
Onsager, Staelin & Guyerson, LLC
1873 South Bellaire Street
Suite 1401
Denver, CO 80222

Jennifer Zimmerman, Esq.
Business Attorney
Armstrong World Industries, Inc.
2500 Columbia Avenue
P.O. Box 3001
Lancaster, PA 17603

Frank F. McGinn, Esq.
Bartlett, Hackett, Feinberg, P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Mr. Robert Miller
Armstrong Worldwide Industries
2500 Columbia Avenue
Lancaster, PA 17603

James Hull
Nevada Properties, LLC
2924 Country Club Drive
Colorado Springs, CO 80909

Michael Caccese, Controller
Creative Materials Corporation
1 Washington Square
Albany, NY 12205

John Cardinal Parks, Esq.
McElroy, Deutsch, Mulvaney &
Carpenters, LLP
1700 Broadway, Suite 1900
Denver, CO 80290-1901

Van J. Hooker, Esq.
Stutzman, Bromberg, Esserman &
Plifka, P.C.
2323 Bryan Street, Suite 2200
Dallas, TX 75201

David V. Cooke, Esq.
Assistant City Attorney
Municipal Operations
201 West Colfax Avenue
Dept. 1207
Denver, CO 80202-5332

American Safety Razor Company, LLC
c/o Bernard A. mcGough
One Razor Blade Lane
Verona, WA 24482-0979

Lars H. Fuller, Esq.
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203-1264

Alan M. Grossman, Esq.
363 South Harlan Street
Suite 280
Lakewood, CO 80226

Daniel J. Levin, Esq.
Levin & Weiser, LLC
950 South Cherry Street
Suite 1000
Denver, CO 80246-2667

Vicky L. Martina